UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE D. MOYER, Sr., CDCR #AR-9913,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-CV-00797-JLS-BLM<br><br>**ORDER: (1) GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4] AND; (2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM, FOR SEEKING DAMAGES FROM IMMUNE DEFENDANTS AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |

Plaintiff Maurice D. Moyer, Sr. currently incarcerated at California State Prison – Sacramento ("CSP-SAC") in Represa, California, and proceeding pro se, has filed a "petition for writ for civil rights complaint" seeking $15 million in punitive damages from the State of California, a San Diego Superior Court Judge, and the San Diego District Attorney based on his "wrongful imprisonment." (*See* "Compl.," ECF No. 1 at 1–2, 4, 29.) Plaintiff claims he was denied a fair and speedy trial and was convicted based on "insufficient evidence" in San Diego Superior Court Case No. SCE324735 sometime in 2013. (*Id.* at 3, 6, 8–11, 14–23.)

1

## I. Procedural History

At the time he filed his Complaint, Plaintiff did not prepay the filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) (a civil action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)).

The Court denied Plaintiff's initial Motion to Proceed IFP, however, because he failed to attach a certified copy of his prison trust account statement. (*See* ECF No. 3, at 3) (*citing* 28 U.S.C. § 1915(a)(2)). Nevertheless, the Court also granted Plaintiff forty-five days leave in which to complete and file a properly supported IFP Motion, and the Clerk of Court provided him with a form for doing so. (*Id.* at 4.)

Plaintiff has since filed a renewed Motion to Proceed IFP, together with the accounting which was missing from his original Motion (ECF No. 4).

## II. Renewed Motion to Proceed In Forma Pauperis

As Plaintiff now knows, to institute a civil action, he must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite his failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, because he is a prisoner, even if he is granted leave to proceed IFP, Plaintiff remains obligated to pay the entire filing fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

"certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005) (hereafter *"King"*). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his renewed IFP Motion, Plaintiff has now submitted copies of his CDCR Inmate Statement Report for the 6-month period preceding the filing of his Complaint, as well as a certified prison certificate signed by senior accounting clerk at CSP-SAC attesting to his trust account activity and balances. (*See* ECF No. 4 at 4, 6–7); 28 U.S.C. § 1915(a)(2); Civ. L. R. 3.2; *King*, 398 F.3d at 1119. These statements show that Plaintiff has carried no average monthly balance, has had no monthly deposits to his account over the 6-month period immediately preceding the filing of his Complaint, and, consequently, had no available balance on the books at the time of filing. (*See* ECF No. 4, at 4, 6.) Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered").

Therefore, the Court **GRANTS** Plaintiff's renewed Motion to Proceed IFP, (ECF No. 4), declines to exact any initial filing fee because his prison certificate indicates he has

3

3:17-CV-00797-JLS-BLM

"no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**III.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A**

   A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Allegations

While the legal basis for his suit, which Plaintiff captions as a "petition for writ for civil rights" is not altogether clear, (*see* Compl. 29), he seeks millions in punitive damages against the People of the State of California, the Southern District of California's "District Attorney," and the Honorable Joseph P. Brannigan, a San Diego County Superior Court Judge, for allegedly having denied him a speedy trial, a trial by jury, and wrongfully imprisoning him based on insufficient evidence in San Diego Superior Court Case Nos. SCE324735 and SCE262473.[2] (*See* Compl. 1–6.)

C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

D. Discussion

As currently pleaded, Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for several reasons.

---

[2] While Plaintiff names Judge Brannigan as a Defendant, (*see* Compl. 4), the exhibits attached to Plaintiff's Complaint indicate he was sentenced by a different judge on October 9, 2013, (*id.* at 17–20), after Judge Brannigan found him mentally competent pursuant to Cal. Penal Code § 1370 on September 11, 2013. (*Id.* at 22.)

First, to the extent Plaintiff claims he was wrongfully imprisoned based on insufficient evidence and denied a fair trial, his suit "challeng[es] the validity of [his] continued incarceration [and therefore] lie[s] within 'the heart of habeas corpus.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489–99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

Second, Plaintiff may not seek damages against any of the parties he has named as Defendants. The State of California is not a "person" within the meaning of § 1983 and is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) (Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it); *see also Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (dismissing prisoner's § 1983 suit against the State of Arizona as legally frivolous), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130; *Brand v. Schubert*, No. 2:16-CV-1811 MCE EFB P, 2017 WL 531721, at *2 (E.D. Cal. Feb. 7, 2017) (sua sponte dismissing § 1983 claims against the State of California on sovereign immunity grounds pursuant to 28 U.S.C. § 1915A).

San Diego Superior Court Judge Brannigan is absolutely immune. "A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction." *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974). "Judges are among those officials who 'have long enjoyed a comparatively sweeping form of immunity,' which has been justified on the theory that it helps 'protect[ ] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.'" *Brooks v. Clark Cty.*, 828 F.3d 910, 915–16 (9th Cir. 2016) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). Thus, "[j]udges are absolutely immune from damage liability for acts performed in their official

capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("A judge lacks immunity where [s]he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature.") (internal quotation marks and citations omitted); *Pierson v. Ray*, 386 U.S. 547, 553–55 (1967); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities."); *see also Mainez v. Gore*, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) & 1915A(b)). Because Plaintiff seeks to sue Judge Brannigan based on decisions rendered during Plaintiff's criminal proceedings, whether they be related to his competency hearing, or to his ultimate conviction and sentence, his § 1983 claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2). *See e.g., Brand v. Schubert,* No. 2:16-CV-1811-MCE EFB P, 2017 WL 531721, at *2 (E.D. Cal. Feb. 7, 2017) (sua sponte dismissing § 1983 claims against judge presiding over criminal and mental competency proceedings pursuant to 28 U.S.C. § 1915A).

Finally, the San Diego County District Attorney, mistakenly identified as the District Attorney for the "Southern District of California," (*see* Compl. 4), is similarly entitled to absolute prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430–31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen*, 363 F.3d at 922; *see also Jackson*, 885 F.2d at 641 (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915) (citation omitted); *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (Section 1915(e)(2)(B)(iii) requires sua sponte dismissal of claims barred by absolute immunity).

/ / /

E.  Leave to Amend

While the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances would be futile. *See Lopez*, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."); *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations omitted).

## IV. Conclusion and Orders

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Renewed Motion to Proceed In Forma Pauperis, (ECF No. 4);

2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) **DISMISSES** this civil action sua sponte for failing to state a claim upon which § 1983 relief can be granted, for seeking monetary damages against defendants who are absolutely immune, and as legally frivolous and pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

5) **CERTIFIES** that an IFP appeal from this Order would also be frivolous, and therefore not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not

be frivolous); and

      6)    **DIRECTS** the Clerk of Court to close the file.

      **IT IS SO ORDERED**.

Dated: November 7, 2017

Hon. Janis L. Sammartino
United States District Judge